IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROGER M. SERAFIN,

       Plaintiff,

v.                                                                                                       No. CIV 16-283 CG

NANCY A. BERRYHILL,
Acting Commissioner of the Social Security
Administration,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court upon Plaintiff Roger M. Serafin's *Motion to Reverse and Remand for Rehearing, with Supporting Memorandum* (the "Motion"), (Doc. 18), filed November 22, 2016; Defendant Commissioner Nancy A. Berryhill's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 22), filed February 24, 2017; and Plaintiff's *Reply in Support of Motion to Reverse and Remand for Rehearing* (the "Reply"), (Doc. 24), filed March 15, 2017. Additionally before the Court is Mr. Serafin's *Unopposed Motion to Extend Briefing Deadlines* (the "Motion to Extend Deadlines"), (Doc. 23), filed March 10, 2017.

On September 3, 2009, Mr. Serafin filed an application for disability insurance benefits alleging disability beginning on August 10, 2009. (Administrative Record ("AR") 125-126). His application was denied initially on March 28, 2010, (AR 75-78), and also upon reconsideration. (AR 80-82). Mr. Serafin filed a request for a hearing before an Administrative Law Judge ("ALJ") on July 9, 2010, (AR 85-86), and a hearing was held on October 13, 2011 before ALJ Ann Farris. (AR 35-70). At the hearing, Mr. Serafin and

Thomas A. Greiner, an impartial vocational expert ("VE") testified. (AR 24). Mr. Serafin was represented at the hearing by non-attorney representative John Bishop. (AR 24). ALJ Farris issued her opinion on January 5, 2012, finding that Mr. Serafin was not disabled under 20 C.F.R. § 404.1520(f). (AR 34). Mr. Serafin filed an application for review by the Appeals Council, (AR 20), which was denied, (AR 1-6), making the decision of ALJ Farris the final decision of the Commissioner of the Social Security Administration (the "Commissioner") for purposes of this appeal.

Through new counsel, Michael Armstrong, Mr. Serafin filed an appeal with this Court. On August 26, 2014, Chief United States Magistrate Judge Karen B. Molzen filed a *Proposed Findings and Recommended Disposition* ("PFRD"), recommending that Mr. Serafin's case be remanded to the Commissioner for further review. (AR 579). Judge Molzen found that ALJ Farris (1) failed to perform a proper function-by-function analysis; (2) her residual functional capacity ("RFC") was not supported by substantial evidence; and (3) she failed to make the required findings as to the demands of Mr. Serafin's past work and his ability to perform that work. (AR 578-579). Senior United States District Judge C. LeRoy Hansen adopted Judge Molzen's PFRD on September 16, 2014 and the case was remanded to the Commissioner. (AR 567).

On remand, the Appeals Council directed ALJ Farris to consolidate the September 3, 2009 claim with a claim filed by Mr. Serafin on March 1, 2014. (AR 467). ALJ Farris held a second hearing on October 22, 2015, (AR 489-534), at which Mr. Serafin and Karen N. Provine, an impartial VE, testified. (AR 467). ALJ Farris issued her opinion on December 15, 2015, again finding that Mr. Serafin was not disabled under 20 C.F.R. § 404.1520(g).

2

Mr. Serafin filed his new *Complaint* with this Court on April 11, 2016. (Doc. 1). Mr. Serafin argues that the ALJ (1) omitted limitations found by the reviewing doctor without explanation; (2) did not give good reasons for discounting the opinion of Deborah Jarmul, Physician's Assistant-Certified ("PA-C"); (3) failed to develop the record with respect to Mr. Serafin's physical and mental impairments; and (4) based her opinion on unreliable vocational data. (Doc. 18 at 1).

The Court has reviewed the Motion, the Response, the Reply, and relevant law. In addition, the Court has meticulously reviewed and considered the entire administrative record. Because the ALJ failed to properly analyze and weigh the medical opinions in the record, the Court finds that the Motion should be **GRANTED** and the case be **REMANDED** for further proceedings. Additionally, because Mr. Serafin filed his Reply, the Court will **DENY AS MOOT** his Motion to Extend Deadlines.

**I.      Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*,

373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, not the Appeals Council's denial of review. 20 C.F.R. § 404.981; *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.   Applicable Law and Sequential Evaluation Process**

For purposes of disability insurance benefits and supplemental security income, a person establishes a disability when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-

step sequential evaluation process ("SEP") has been established to determine whether a person is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).

At the first four steps of the SEP, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity"; (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) her impairment(s) either meet or equal one of the "Listings"[1] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i)-(iv), 416.920(a)(4)(i)-(iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant work, he will proceed to step five of the evaluation process. At step five the burden of proof shifts to the Commissioner to show the claimant is able to perform other work in the national economy, considering her RFC, age, education, and work experience. *Grogan*, 399 F.3d at 1257.

**III.  Background**

Mr. Serafin applied for disability insurance benefits due to the amputation of his left leg above the knee and a broken left humerus. (AR 156). At step one, the ALJ determined that Mr. Serafin had not engaged in substantial gainful activity since August 10, 2009, the alleged onset date. (AR 469). At step two, the ALJ concluded that Mr. Serafin was severely impaired by his status-post left above the knee amputation, status-post open reduction and internal fixation of the left humerus, and depression. (AR 469-470). At step three, the ALJ explained that she considered whether Mr. Serafin's impairments met or satisfied any of the listed impairments. (AR 470-472). The ALJ

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

determined that none of Mr. Serafin's impairments, solely or in combination, equaled one of the listed impairments in 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

The ALJ proceeded to step four. First, she analyzed Mr. Serafin's subjective complaints with the objective evidence in the record. (AR 472-479). The ALJ found that Mr. Serafin's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (AR 473). The ALJ discussed Mr. Serafin's self-reported daily activities, third party statements, as well as reports from Mr. Serafin's doctors and the state agency examiners. (AR 472-479). The ALJ ultimately found that Mr. Serafin could perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except he must have the ability to alternate between sitting and standing approximately hourly for three minutes at a time. Additionally, Mr. Serafin should not be required to walk on uneven ground and should not kneel, crouch, or crawl. Mr. Serafin can occasionally reach with his left, non-dominant arm but cannot perform overhead reaching with his left arm and should only have occasional, superficial interaction with the public and coworkers. (AR 472).

The ALJ determined that through his date last insured, Mr. Serafin could not perform any of his past relevant work. (AR 479). Therefore, the ALJ moved to step five and inquired whether Mr. Serafin would be able to perform any other work existing in significant numbers in the national economy. (AR 479-480). The ALJ noted that Mr. Serafin was 43 years old on the date last insured and was classified as a "younger individual" in accordance with the Regulations. (AR 479). The ALJ also determined that Mr. Serafin had a "limited" 9th grade education and is able to communicate in English. (AR 479).

The VE testified that an individual with Mr. Serafin's same age, education, work experience, and RFC could perform the jobs of ticket checker, addresser, or document preparer. (AR 480). Based on this analysis, the ALJ concluded that because Mr. Serafin is capable of performing work existing in significant numbers in the national economy, he is not disabled pursuant to 20 C.F.R. § 404.1520(g).

**IV.     Analysis**

Mr. Serafin argues that the ALJ (1) omitted limitations found by the reviewing doctor without explanation; (2) did not give good reasons for discounting the opinion of Deborah Jarmul, Physician's Assistant-Certified ("PA-C"); (3) failed to develop the record with respect to Mr. Serafin's physical and mental impairments; and (4) based her opinion on unreliable vocational data. (Doc. 18 at 1). The Commissioner responds that the ALJ's decision is supported by substantial evidence and free of harmful legal error. (Doc. 22 at 12).

*A. <u>Requirement to Weigh All Medical Opinions in the Record</u>*

Social Security Regulations require the ALJ to evaluate every medical opinion in the record, including the opinions of non-examining State agency physicians. *See* 20 C.F.R. § 416.927(b); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180 (July 2, 1996). Every medical source opinion should be weighed by the ALJ in consideration of the following, applicable "deference factors":

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003); *see also* 20 C.F.R. § 416.927 (c)-(d). Ultimately, the ALJ must give good reasons that are "sufficiently specific to [be] clear to any subsequent reviewers" for the weight that he ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119 (citations omitted). Failure to do so constitutes legal error. *See Kerwin v. Astrue*, No. 06-6343, 244 Fed. Appx. 880, 884 (10th Cir. Aug. 8, 2007) (unpublished).

B. *The ALJ's Analysis of Medical Opinions in the Record*

In her decision, the ALJ stated that she "considered opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p." (AR 473, 475). The ALJ noted that she gave "moderate weight" to the state agency evaluations. Additionally, she gave the opinion of Ms. Jarmul "little weight." (AR 475).

1. *The Findings of the State Agency Evaluator*

Scott Walker, M.D., is a state non-examining consultant who completed a Mental Residual Functional Capacity Assessment ("MRFC") of Mr. Serafin on May 27, 2014. (AR 562-563). Dr. Walker determined that Mr. Serafin is moderately limited in his ability to (1) carry out detailed instructions; (2) maintain attention and concentration for extended periods; (3) perform activities within a schedule, maintain regular attendance, and be punctual within customary limitations; (4) complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number or length of rest periods; (5) interact appropriately with the general public; (6) ask simple questions or request assistance; and (7) accept instructions and respond appropriately to criticism from supervisors. (AR

8

562). Dr. Walker stated that Mr. Serafin could perform semi-skilled work and his symptoms would likely improve if he consistently complied with his doctors' recommendations. (AR 563). The ALJ stated that she gave this opinion "moderate weight," and noted Dr. Walker's assessment that Mr. Serafin could perform semi-skilled work and his symptoms could improve. (AR 475).

It is well-settled that "[t]he ALJ may not pick and choose which aspects of an uncontradicted medical opinion to believe, relying on only those parts favorable to a finding of nondisability." *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004) (internal citation marks removed). Here, the ALJ placed "moderate weight" on Dr. Walker's opinion, but appears to have rejected limitations Dr. Walker assessed. Indeed, while Dr. Walker found that Mr. Serafin is moderately limited in a number of areas, the RFC only accounts for the limitation to only occasionally and superficially interacting with the public and co-workers. (AR 472).

The Commissioner argues that the limitations with regard to the public and co-workers "adequately account for Dr. Walker's opinions about social interaction." (Doc. 22 at 7). Further, the Commissioner states that the jobs identified by the VE are all unskilled, and thus account for Dr. Walker's opinion that Mr. Serafin would have difficulty following detailed instructions. (Doc. 22 at 7).

A limitation to unskilled work may account for moderate concentration, persistence, and pace problems. *Vigil v. Colvin*, 805 F.3d 1199, 1203-04 (10th Cir. 2015)). Further, unskilled work involves "understanding, remembering, and carrying out simple instructions." (Doc. 24 at 8) (quoting SSR 96-6p, 1996 WL 374185, at *9) (internal quotation marks removed). However, a limitation to unskilled work would not

9

account for Dr. Walker's assessment that Mr. Serafin would be moderately limited in his ability to ask simple questions or request assistance. Further, Dr. Walker separated Mr. Serafin's moderate limitation in his ability to interact with the public and his moderate limitation in his ability to accept instructions and respond appropriately to criticism from supervisors. The ALJ's RFC does not account for Mr. Serafin's limitation with regard to supervisors.

Thus, although the ALJ placed "moderate weight" on Dr. Walker's opinion, not all of Dr. Walker's limitations are reflected in the RFC finding. The ALJ seems to have implicitly rejected some of Dr. Walker's findings without explanation and therefore inappropriately "'us[ed] portions of evidence favorable to her position while ignoring other evidence.'" *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (citing *Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir. 2004)). This selective application of Dr. Walker's report without further explanation is error and requires a remand in order for the ALJ to explain the evidentiary basis for her RFC determination. *Haga v. Astrue,* 482 F.3d 1205, 1208 (10th Cir. 2007).

        2.  *The Findings of Ms. Jarmul*

Ms. Jarmul is a physician's assistant who treated Mr. Serafin from 2011 to 2015. (*See* AR 827-991). Ms. Jarmul performed two Medical Assessments of Ability to do Work-Related Activities. (AR 823-824, 1068-1070). The first assessment was completed on June 18, 2013, and Ms. Jarmul found that Mr. Serafin (1) can frequently lift less than 10 pounds; (2) can stand or walk a total of less than 2 hours in an 8 hour workday; (3) must periodically alternate sitting and standing to relieve pain or discomfort; (4) is limited in his upper and lower extremities in pushing and pulling; (5) cannot handle with

10

his right or left hand and cannot finger with his right hand; (6) has a limited ability to reach with his left arm; (7) can never crouch or crawl; (8) is affected by pain, fatigue, sleep disturbances, and mental problems; (9) is moderately limited in his ability to maintain physical effort for long periods without a need to decrease activity or pace, or to rest intermittently; and (10) is moderately limited in his ability to complete a normal workday or workweek without interruptions from pain or fatigue based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 823-824).

Ms. Jarmul's second assessment was completed on October 21, 2015. (AR 1069-1070). Ms. Jarmul's findings were similar, except she found that Mr. Serafin (1) can frequently lift less than 5 pounds, instead of less than 10; (2) cannot finger with his right hand; (3) is markedly limited in his ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerance, maintain physical effort for long periods without a need to decrease activity or pace, or to rest intermittently, work in coordination with, or in proximity to others without being distracted by them, and complete a normal workday and workweek without interruptions from pain or fatigue based symptoms and to perform at a consistent pace without unreasonable number and length of rest periods; and (4) is moderately limited in his ability to sustain an ordinary routine without special supervision and make simple work-related decisions. (AR 1069-1070). Ms. Jarmul wrote that Mr. Serafin "has chronic leg and back pain, [post-traumatic stress disorder], (cannot perform work he was doing)." (AR 1070).

The ALJ stated that she gave "significant weight" to Ms. Jarmul's 2013 mental assessment, but "little weight" to her 2015 mental assessment. (AR 477).The ALJ found the 2013 assessment to be "consistent with the record as a whole," but the 2015 assessment to "not [be] consistent with the record as a whole, including [Mr. Serafin's] mental health treatment records, his response to medication, and his daily activities." (AR 477). As for the other portions of the assessment, the ALJ gave them "little weight" because (1) Ms. Jarmul did not state "with precision [Mr. Serafin's] actual abilities;" (2) she is not an acceptable medical source; (3) the assessments are not consistent with the record as a whole; and (4) the assessments are "supported by few, if any, objective medical findings." (AR 475).

Ms. Jarmul is not an "acceptable medical source" pursuant to 20 C.F.R. §§ 404.1513(a)(1)–(5). "Acceptable medical sources" include physicians, psychologists, certain optometrists and podiatrists, and certain speech-language pathologists. *Id.* Rather, Ms. Jarmul is a physician's assistant, or an "other" medical source, pursuant to 20 C.F.R. § 404.1513(d)(1). The distinction between acceptable medical sources and other medical sources "is necessary because '[i]nformation from . . . 'other [medical] sources' cannot establish the existence of a medically determinable impairment.' Further, 'only acceptable medical sources can give . . . medical opinions' and 'be considered treating sources . . . whose medical opinions may be entitled to controlling weight.'" *Bowman v. Astrue,* 511 F.3d 1270, 1275 n.2 (10th Cir. 2008) (citing SSR 06–03p, 2006 WL 2329939 at *2 (Aug. 9, 2006)).

Nevertheless, the opinions of "other" medical sources should still be weighed. Indeed, the Regulations state that "regardless of its source, we will evaluate every

12

medical opinion we receive." 20 C.F.R. § 404.1527(d). SSR 06-03p clarifies that the factors to weigh medical opinions of acceptable medical sources "set out in 20 C.F.R. §§ 404.1527(d) and 416.927(d) apply equally to 'all opinions from medical sources who are not acceptable medical sources as well as from other [non-medical] sources.'" *Franz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (citing SSR 06-03p, at *4). It follows that:

> depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.

*Franz*, 509 F.3d at 1302 (citing SSR 06-03p, at *5). Adjudicators are instructed to "explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." *Franz*, 509 F.3d at 1302 (citing SSR 06-03p, at *6).

Recently, the Tenth Circuit remanded a case after holding that an ALJ's reasoning that a doctor's "assessment [was] inconsistent with other medical evidence" was too "vague." *Lewis v. Berryhill*, No. 16-5061, 2017 WL 676502, at *1 (10th Cir. Feb. 21, 2017) (unpublished). The Tenth Circuit noted that the ALJ did not state which parts of the doctor's opinion were inconsistent and found the "lack of specificity [to be] confusing" in light of agreement on some issues between the ALJ and the doctor. *Id.* at

13

*2 (citing *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) (stating that the [ALJ's] reasons for assessing a treating source's medical opinion must be sufficiently specific for meaningful judicial review)). Finally, the Tenth Circuit held that an ALJ must "give specific, legitimate reasons to reject" a doctor's assessment. *Id*.

Similarly, in Mr. Serafin's case, the ALJ agreed with several of Ms. Jarmul's limitations, including that Mr. Serafin must alternate between sitting and standing, was limited in his ability to reach with his left arm, and could not crouch or crawl. "In light of this agreement" on physical limitations, the Court is "left to speculate about the perceived inconsistencies" between Ms. Jarmul's assessments "and the remainder of the medical record." *Id*. The ALJ's reasoning for rejecting Ms. Jarmul's assessments was too vague and the ALJ failed to adequately explain why she rejected the assessments. This is error and the Court will remand the case in order for the ALJ to sufficiently explain her analysis. The Commissioner's argument that substantial evidence supports the ALJ's finding is unpersuasive.

## V. Conclusion

For the reasons discussed above, the Court concludes that the ALJ failed to properly weigh and analyze the medical opinions in the record. On remand, the ALJ should properly weigh and analyze all medical opinions in the record. The Court does not decide any other issue raised by Mr. Serafin, as these matters are mooted by the proceedings conducted or the disposition reached on remand.

**IT IS THEREFORE ORDERED** that Plaintiff's *Motion to Reverse and Remand for Rehearing, with Supporting Memorandum*, (Doc. 18), be **GRANTED** and that this case be **REMANDED** to the Commissioner for further proceedings.

**IT IS FURTHER ORDERED** that Plaintiff's *Unopposed Motion to Extend Briefing Deadlines*, (Doc. 23), is **DENIED AS MOOT**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE